IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rodney W. Hojnowski, | ) | |
| | ) | |
| Plaintiff | ) | No. 06-CV-01228-CMR |
| | ) | |
| v. | ) | |
| | ) | |
| PrimeCare Medical, Inc., Grace Karrer, | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

PRETRIAL MEMORANDUM OF DEFENDANT, GRACE KARRER

The Defendant, Grace Karrer, by and through her undersigned counsel, Ralph F. Touch, Esquire, respectfully submits the following Pretrial Memorandum.

I.     JURISDICTIONAL STATEMENT

The United States District court for the Eastern District of Pennsylvania has jurisdiction over this matter under 28 U.S.C. §1331. Plaintiff's action was brought pursuant to The Civil Rights Act of 1991, 42 U.S.C. §1983.

II.     STATEMENT OF FACTS

Plaintiff at all times relevant was an inmate at the Berks County Prison. Defendant Primecare Medical, Inc. was at all times relevant under contract to provide medical treatment to

the inmates at the Berks County Prison. Defendant Grace Karrer (hereinafter Nurse Karrer) was at all times relevant a nurse employed by Primecare Medical Inc. at the Berks County Prison.

Plaintiff alleges that on March 5, 2005 a boil started to form on his leg. Plaintiff alleges that on March 5, 2005 he submitted a sick call slip to Primecare Medical, Inc. requesting medical treatment. On the morning of March 6, 2005 the Plaintiff saw the Defendant Nurse Karrer who was present on his unit and in the process of dispensing morning medications. Plaintiff alleges that he approached Nurse Karrer while she was in the process of dispensing medications and advised her that he had a boil on his leg which had opened and just begun to drain. Plaintiff alleges that Nurse Karrer asked him if he filled out a sick call slip and he responded that a sick call slip had been filed out. Plaintiff alleges that he was advised by Nurse Karrer that he would have to wait to be seen pursuant to the sick call slip. There is no allegation made that Nurse Karrer had any further contact with the Plaintiff regarding his infection, nor any additional responsibility to treat the Plaintiff for the infection. Plaintiff did receive treatment for his boil on March 8, 2005 by another medical professional from Primecare Medical Inc.

III.    DAMAGES CLAIMED

Plaintiff alleges medical damages and a request for compensatory and punitive damages in his Complaint and Amended Complaints, but Plaintiff has to date failed to identify any medical expert to conclude that there is a consequence to any action of Nurse Karrer which would result in any damage to the Plaintiff.

IV.    TRIAL WITNESSES ON LIABILITY

1. Rodney W. Hojnowski, Jr., Plaintiff

2. Grace Karrer, Defendant

3. Todd Haskins, Representative of Primecare Medical, Inc., Defendant

    4. Mary Silva, BSN, RN, CCHP, Expert for Defendant Grace Karrer

    5. Joseph E. Paris, PhD, M.D., Expert for Primecare Medical, Inc., Defendant

    6. Any and all persons identified in co-defendant's Pre-Trial Memorandum

V.     TRIAL WITNESSES ON DAMAGES

Upon permission, Defendant Nurse Karrer reserves the right to identify additional witnesses up to the time of trial upon proper notification to the Court and all parties.

VI.     SCHEDULE OF EXHIBITS

    1. Deposition transcripts taken in this matter.

    2. Discovery provided and exchanged by the parties to date which This Honorable Court deems admissible.

    3. Sick call requests from the Plaintiff Rodney Boomer submitted on prior occasions (0032, 0033, 0034, 0038)

    4. Any and all exhibits listed in Plaintiff and Co-Defendant's Pre-Trial Memorandum which This Honorable Court deems admissible.

Upon permission, Defendant Nurse Karrer reserves the right to identify additional exhibits up to the time of trial upon proper notification to the Court and all parties.

VII.     ESTIMATE OF TRIAL

Two days.

VIII.     LEGAL ISSUES:

**1. Is the Plaintiff's action against Nurse Karrer barred by the doctrine of res judicata?**

From a procedural standpoint, Plaintiff filed a Complaint in this matter which was followed by a Motion to Dismiss filed by Nurse Karrer. This Honorable Court entered an Order in decision of that motion finding:

> "Taking all of the allegations in the Complaint as true, as the Court must, the Court holds that Hojnowski fails to state a claim. Specifically, the Complaint lacks sufficient assertions to allow the Court to infer that Karrer, Dillman, and/or Kirsch acted with the requisite intent or recklessness, see *Rouse v. Plantier* 182 F.3d 192, 197 (3rd.Cir. 1999), or that care was withheld for non-medical reasons, see *Durmer v. O'Carroll* 991 F.2d 64, 69 (3rd Cir. 1993).

Plaintiff was given leave to file an Amended Complaint to include the supplemental assertions against other defendants made in response to the Motions to Dismiss. When Plaintiff filed his Amended Complaint, he added language to indicate that at all times relevant Nurse Karrer was following policies and procedures of Primecare Medical Inc., but the Plaintiff did not omit the individual allegations already ruled on by This Honorable Court. The actions of individual action against Nurse Karrer have already been dismissed and therefore should not be part of the case going forward.

**2. Does Plaintiff have a viable cause of action against Nurse Karrer pursuant to *Estelle* standards?**

The United States Supreme Court espoused the standard necessary to establish a claim for a violation of the Eighth Amendment law of cruel and unusual punishment in the context of medical care in *Estelle v. Gamble*, 429 U.S. 97 (1976). The standard established in *Estelle* has two prongs: (1) It requires deliberate indifference on the part of the prison officials; and (2) it requires the prisoner's medical needs to be serious. *Estelle*, supra.; *Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2nd 326, 346 (3rd Cir. 1987). Cert. denied 486 U.S. 1006 (1988). A plaintiff must prove specific facts which show that the defendant exhibited a "deliberate indifference" to his serious medical needs. *Little v. Lycoming Co.,* 912 F.

Supp. 809, 815 (M.D. Pa, 1996), aff'd 101 F.3d 691 (1996). There must be the presence of exceptional circumstances amounting to conduct so grossly incompetent, or inadequate, or excessive as to shock the general conscience or to be intolerable to fundamental fairness. *Walnorch v. McMonagle*, 412 F. Supp. 270, 274 (E.D. Pa. 1976). Citing *Gittlemacher v. Prasse*, 428 F.2d 1 (3rd Cir. 1970).

**2A:  The Plaintiff has failed to meet the *Estelle* element one by failing to show a deliberate disregard.**

The testimony in this case is consistent in that a policy had been in effect for the treatment of medical issues. The policy included the inmates' submission of a sick call slip, the triage of sick call slips by Primecare Medical Inc. and the assignment of treatment based on the severity of the medical need. The policy includes the requirement that inmates be able to make contact with Primecare Medical Inc. staff working throughout the prison only in the event of an emergent situation. Plaintiff verifies both the policy and the actions of Nurse Karrer in his Second Amended Complaint when he indicates that at all relevant times Nurse Karrer was acting pursuant to Primecare Medical Inc. policies and procedures. In this case the Plaintiff testified that he approached Nurse Karrer while she was on his cell block in the process of dispensing medications. Plaintiff asked Nurse Karrer to provide treatment for his boil. Nurse Karrer assessed the situation and asked the Plaintiff if in fact he had submitted a sick call slip pursuant to procedure. The Plaintiff's testimony is that he responded that he had in fact already submitted a sick call slip. Nurse Karrer responded that the Plaintiff should wait for the sick call slip contact for treatment. It is clear from this interaction, which is according to the Plaintiff's own testimony that Nurse Karrer did not disregard the Plaintiff's boil or fail to respond, but following her medical assessment of the situation advised the Plaintiff that he was able to wait. The

Plaintiff's cause of action in this case amounts to nothing more than a disagreement between medical providers and a Plaintiff with no medical training as to the seriousness of his condition and the time sensitivity to the treatment. *Wilson v. Seiter* 501 U.S. 294, 198 (1991) holds that the Plaintiff must make a subjective showing that the defendant acted with "a sufficiently culpable state of mind". In addition, *Boring v. Kozakiewicz,* 833 F. 2d 468 (1987) specifically holds that a disagreement between the Plaintiff and a medical provider as to the diagnosis does not constitute a deliberate indifference.

**2B. The Plaintiff has failed to meet the *Estelle* element two by failing to show a serious condition.**

Not only is there no medical expert testimony provided by the Plaintiff to indicate that Nurse Karrer's medical assessment was incorrect, but no medical expert has offered an opinion that the Plaintiff's medical condition is "serious".

According to *Boring v. Kozakiewicz* 833 F.2d 468, C.A. 3 (Pa.), 1987, the principal issue on appeal was whether Plaintiffs who were pre-trial detainees seeking damages in constitutional claims for lack of medical care must produce expert testimony to establish that their ailments were serious. The District Court required such evidence and in its absence granted a directed verdict in favor of defendants. This Court affirmed.

> "The court of Appeals, Weis, Circuit Judge, held that: (1) expert testimony was required to show that inmates' injuries were "serious" so that denial of medical attention violated constitutional right, (2) there was no authorization for government's payment of expert witness fees for indigent; (3) due process clause, not the Eighth Amendment, governs claims of pretrial detainees; but (4) standards under the due process clause are the same as standards under the Eighth Amendment for measuring adequacy of medical treatment.

Absent medical expert testimony, the Plaintiff can not demonstrate a 'serious' medical condition.

IX.    STIPULATIONS:

None to date.

Dated:   June 20, 2008

                                            LAW OFFICES OF RALPH F. TOUCH

                                            S/Ralph F. Touch
                                            _____
                                            Ralph F. Touch, Esquire
                                            Attorney for Defendant, Grace Karrer
                                            Attorney I.D. #48343
                                            401 Penn Street, Suite 100
                                            Reading, PA 19601
                                            610 320 4787(t)  610 320 4767 (f)
                                            ralph.touch@cna.com
                                            elisabeth.danielski@cna.com

## CERTIFICATION OF SERVICE

I hereby certify that I have served a copy of the foregoing PRETRIAL MEMORANDUM upon all parties, their attorneys or representatives, and all other relevant organizations, in the manner(s) set forth below:

By <u>first-class mail, postage prepaid</u>:

Christine Welsh, Esquire
Fox Rothchild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103-3291
*(Attorney for Plaintiff)*

John R. Ninosky, Esquire
Johnson, Duffy, Stewart & Weidner
PO Box 109
Lemoyne, PA  17043
*Attorney for Defendant, Primecare Medical, Inc.*

Dated:   June 20, 2008

LAW OFFICES OF RALPH F. TOUCH

S/Ralph F. Touch

_____

Ralph F. Touch, Esquire
Attorney for Defendant, Grace Karrer
Attorney I.D. #48343
401 Penn Street, Suite 100
Reading, PA 19601
610 320 4787 (t)  610 320 4767 (f)
ralph.touch@cna.com
elisabeth.danielski@cna.com

105300060/Cermanski