IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY W. HOJNOWSKI, | : NO. 06-CV-1228 |
| Plaintiff | : |
| v. | : (JUDGE RUFE) |
| | : (Electronically Filed) |
| PRIMECARE MEDICAL, and | : |
| GRACE KARRER, | : |
| Defendants | : JURY TRIAL DEMANDED |

## PROPOSED POINTS FOR CHARGE OF
## PRIMECARE MEDICAL, INC.

AND NOW, comes Defendant, PrimeCare Medical, Inc., by and through its counsel, Johnson, Duffie, Stewart & Weidner, who respectfully request that this Honorable Court present the following instructions to the jury:

Respectfully submitted,

JOHNSON, DUFFIE, STEWART & WEIDNER

By:     s/John S. Ninosky
        John R. Ninosky, Esquire
        Attorney I.D. No. 78000
        301 Market Street
        P.O. Box 109
        Lemoyne, PA  17043-0109
        Telephone (717) 761-4540
        Email:  jrn@jdsw.com
        Attorney for PrimeCare Medical, Inc.

Date:  June 23, 2008

335698

1.      Based upon the evidence produced at trial and the applicable law, you are hereby directed to enter a verdict in favor of PrimeCare Medical, Inc.

2.    Negligent conduct is not actionable under Section 1983.  West v. Atkins, 487 U.S. 42,54 (1988).

3.      Deliberate indifference is more than inadvertence or good faith error, it is characterized as obduracy and wantonness.  Negligent misdiagnosis or an inadvertent failure to provide care does not establish a constitutional violation.  <u>Whitley v. Albers</u>, 475 U.S. 312 (1986), and <u>Estelle v. Gamble</u>, <u>supra</u>.

4.    There must be proof that the conduct alleged was deliberate and intentional. Hampton v. Holmesburg, 546 F.2d 1077 (3rd Cir. 1976). There must be the presence of exceptional circumstances amounting to conduct so grossly incompetent or inadequate, or excessive as to shock the general conscious or to be intolerable to fundamental fairness. Walnorch v. McMonagle, 412 F.Supp. 270,274 (E.D.Pa. 1976).

5.    A medical condition is serious only if it is one that has been diagnosed by a physician as requiring immediate medical treatment, or one that is so obvious that even a layperson would clearly and easily recognize the necessity for a doctor's prompt response to the patient.  West v. Keye, 571 F.2d 158 (3rd Cir. 1989), cert. denied, 486 U.S. 1006 (1989).  Not every injury or illness invokes constitutional protection – only those that are serious have that affect.  Hampton v. Holmesburg Prison Officials, 556 F.2d 1077,1081 (3rd Cir. 1976).

6.      Damages for pain and suffering are compensatory in nature and may not be arbitrary, speculative, or punitive, and must be reasonable.  Haines v. Raven Arms, 536 Pa. 452, 640 A.2d 367 (1994).

7.    In determining what, if any, damages should be awarded to Plaintiff, it is your function to resolve inconsistencies and contradictions, to believe or disbelieve all or part of the testimony of the witnesses and thereafter to compromise the verdict or establish an amount which you determine would justly compensate the Plaintiff for his loss.  Indeed, it is within your province to assess the worth of testimony and accept or reject the testimony of damages given by witnesses.  Fierman v Southeastern Pennsylvania Transportation Authority, 277 Pa. Super. 252, 419 A.2d 757 (1980).

8.      In civil cases such as this one, the Plaintiff has the burden or proving those contentions which entitle him to recover.

When a party has the burden of proof on a particular issue, his contention on that issue must be established by a fair preponderance of the evidence.   The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put this another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff onto the other, place all of the evidence favorable to the defendants.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff.   If the scales tip in favor of the defendants, or are equally balanced, your verdict must be for the defendants.

PA. S.C.J.I. §5.50.

9.     The mere fact that plaintiff has started a lawsuit against defendants and demanded damages is not enough to entitle plaintiff to prevail against defendants. Steiner v. Pittsburgh Railways Co., 415 Pa. 549, 204 A.2d 254 (1964).

10.    42 U.S.C. §1983 provides:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects or causes to be subjected to any citizen of the United States . . . to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ."  42 .U.S.C. §1983.

11.    In order for plaintiff to be able to recover damages under 42 U.S.C. §1983, the plaintiff must prove by a preponderance of the evidence all of the following facts:

(1)    that the defendants knowingly deprived him of his constitutional rights;

(2)    that when plaintiff was deprived of his rights, the defendants were acting under color of state law; (this element is not contested by the defendants);

(3)    that the defendants were responsible for actions of which the plaintiff complains; and

(4)    that the actions complained of were the proximate cause of damage to the plaintiff.

City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985)

12.    Liability under §1983 cannot be imposed vicariously or under the grounds of *respondeat superior*.  Monell v. New York City Dept. of Social Services,  436 U.S. 658, 693-95 (1978); Hampton v. Holmesburg Prison Officials 546 F.2d 1077, 1082 (3rd Cir. 1976); Pearson v. Vaughn, 102 F. Supp. 282, 289 (E.D. Pa. 2000).  To state a §1983 action based on a failure to supervise, a plaintiff must demonstrate that the supervisor "must have known of the constitutional deprivation, participated in the deprivation or acquiesced to the wrongful conduct." Torres v. McLaughlin, 1996 WL 680274, *8 (E.D. Pa. (citing Rhode v. Dellaciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988); Faulcon v. City of Philadelphia, 18 F.Supp. 2d 537, 542 (E.D. Pa. 1998). Reliance on a supervisory role along is insufficient as a matter of law to establish liability. Pearson, 102 F.Supp. 2d at 289.

13.     The treatment that a prisoner receives in prison and conditions under which he is confined are governed by the Eighth Amendment to the United States Constitution.   The Eighth Amendment proscribes the infliction of cruel and unusual punishment.  The test of "cruel and unusual" is a strict one which considers whether the infliction violates the standards of contemporary society.  Rhodes v. Robinson, 612 F.2d 766 (3rd Cir. 1979).

14.    The standard of proof to be liable under 42 U.S.C. §1983, for an Eighth Amendment violation in the context of medical treatment requires a showing of sufficiently harmful acts or omissions which evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff must prove that each defendant caused him injury through deliberate indifference to his serious medical needs. Id.

15. To be liable under 42 U.S.C. §1983 for an Eighth Amendment violation, a defendant must have a sufficiently culpable state of mind or "deliberate indifference." Farmer v. Brennan, 511 U.S., 825, 837-38 (1994). If a physician, physician assistant, or nurse responds reasonably to a substantial risk of serious harm to an inmate, the official cannot be found to have act4ed with a sufficiently culpable state of mind. Hamilton v. Leavy, 117 F.2d at 748 (citing Farmer).

16.     Deliberate indifference to a prisoner's serious medical needs may give rise to a constitutional violation.  However, medical malpractice alone does not give rise to a constitutional violation.  Plaintiff must prove more than a breach of medical standard of care in order to prove deliberate indifference to serious medical needs.   Brown v. Borough of Chambersburg, et al, 903 F.2d 274 (3rd Cir. 1990) (citing, Estelle v. Gamble, supra).

17.     As long as a physician, physician's assistant, or nurse exercises professional judgment then his or her behavior will not violate a prisoner's constitutional rights.  Brown v. Borough of Chambersburg, supra (citing, Youngberg v. Romeo, 457 U.S. 307 (1982).

18.    The defendants are entitled to the defense of qualified good faith immunity.    Therefore, if you find that the defendants provided medical care to Mr. Cortlessa in the good faith belief that they wee providing reasonable medical care, the defendants cannot be liable for a violation of Mr. Hojnowski's civil rights.    Scherer v. Rhodes, 416 U.S. 232 (1974); Pierson v. Ray, 386 U.S. 547 (1967).

19.    You must consider and weigh the testimony or each witness and give it such weight as in your judgment it is fairly entitled to receive.    The matter of the credibility of a witness, that is, whether his or her testimony is believable in whole or in part, is solely for your determination.  I will mention some of the factors which might bear on such determination; whether the witness has any interest in the outcome of the case or has friendship or animosity toward other persons concerning in the case; the behavior of the witness on the witness stand and his or her demeanor; his or her manner of testifying and whether he or she shows any bias or prejudice which might color his or her testimony; the accuracy of his or her memory and recollection; his or her ability and opportunity to acquire knowledge or to observe the matters concerning which he or she testifies; the consistence or inconsistence of his or her testimony as well as its reasonableness or unreasonableness in the light of all the evidence in the case.

Pa. S.S.J.I. (Civ.) §1.00.,

20.    You may find that there are some discrepancies in the testimony.  Any innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effective discrepancies, conside4r whether it pertains to a matter of importance or to unimportant details; consider whether it results merely from an innocent error, from a willful falsehood or fro9m a lack f knowledge or the subject.

You may find inconsistencies in the evidence.  Contractions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he remembers incorrectly.  It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily. Pa. S.S.J.I. (Civ.) §5.04.

21.    Neither sympathy for, nor prejudice against, any party should influence your deliberations.    You should not be influenced by anything other than the law and the evidence of the case.  All the parties stand equally before the Court, and each is entitled to eh same fair and impartial treatment at your hands.

Pa. S.S.J.I., (Civ.) §20.00.

22.    Because I will not charge you on the law with respect to damages, I want to caution you that this charge should not be taken by you as an indication that the plaintiff should or should not recover in this case.  Rather, I charge you as to damages simply because if you, the members of the jury, conclude that plaintiff is entitled to recover, I want you to have the p0roper elements of damage to consider.

23.    Under 42 U.S.C. §1983, the plaintiff is only entitled to those actual or compensatory damages substantially caused by the actions of the defendant.  See Memphis Community School District v. Starchura, 477 U.S. 299, 106 St. Ct. 2537 (1986).  The purpose of actual /compensatory damages is to compensate the plaintiff of the specific wrong, not to deter future violations of his civil rights.  Carey v. Piphus, 435 U.S. 247 (1978).

24.    A finding of a direct causal link, or proximate cause must support any award for actual/compensatory damages. "Proximate cause" may be defined as that which in a natural and continuous sequence, unbroken by an intervening cause, produces the injury, and without which the result would not have occurred. Taylor v. Allis Chalmers Manufacturing Company, 320 F.Supp. 1381, 1388 (E.D. Pa. 1969), Aff'd,

437         F.2d         416         (3rd         Cir.         1970).

25.    Damages must be reasonable.    If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the incident.

You are not permitted to award speculate damages, or damages based on sympathy, prejudice or emotion.    You are therefore not permitted to include in any verdict, compensation for any prospective loss, which, although possible, is not reasonably certain to occur in the future.    3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil § 85.14 (4th Ed. 1987).

26.    You are not to award damages or any injury or condition from which the plaintiff may have suffered unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the unlawful conduct of the defendants.  3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil § 85.15 (4th Ed. 1987).

27.    The measure of damages is to be set so as to fully compensate the plaintiff buy with the least burden to the defendants consistent with the idea of fully compensating the Plaintiff.    McClinton v. White, 285 Pa. Super. 271, 427 A.2d 218 (1981), vacated on other grounds, 497 Pa. 610, 444 A.2d 85 (1982).

29.    All claimed losses need not be accepted by you-only those that are fair, reasonable and necessary.  Those that are doubtful, speculative or which may never by incurred may be rejected by you.

30.    If you decide that a witness had deliberately testified falsely about a material point (that is, about a matter that could affect this outcome of this trial), you may for that reason alone choose to disbelieve the rest of the witness' testimony. Buy you are not required to do so. You should consider not only the deliberate falsehood, but also all other factors bearing on the witness' credibility in deciding whether to believe other parts of the witness' testimony.

Pa.SSJI (Civ) 5.05.

31.    In deciding whether or not to believe a witness and in determining what weight, if any, you will give to his/her testimony, you may consider evidence that the witness has been convicted of a crime.  In doing so, you may consider the kind of crime committed and what it shows about the likelihood of his/her telling or not telling the truth in this case.  (And where the crime was committed some years ago, you may also take this into consideration.)

Pa.SSJI (Civ) 5.20.

## CERTIFICATE OF SERVICE

**AND NOW,** The undersigned does hereby certify that a copy of the foregoing

*Proposed Points for Charge of PrimeCare Medical, Inc.* was served upon the parties of

record via the electronic filing system on June 23, 2008:

Christine Welsh, Esquire
Fox Rothschild
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Counsel for Plaintiff

Ralph F. Touch, Esquire
401 Penn Street, Suite 100
Reading, PA 19601
Counsel for Grace Karrer

JOHNSON, DUFFIE, STEWART & WEIDNER

By:   s/John S. Ninosky
      John R. Ninosky, Esquire
      Attorney I.D. No. 78000
      301 Market Street
      P.O. Box 109
      Lemoyne, PA 17043-0109
      Telephone (717) 761-4540
      Email: jrn@jdsw.com
      Attorney for PrimeCare Medical, Inc.